**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Manuel HINOJOSA–SOTO, Defendant–Appellant.**

No. 04–41659.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Nov. 9, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, for Defendant–Appellant.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

Manuel Hinojosa–Soto ("Hinojosa") appeals his sentence under 8 U.S.C. § 1326(a) and (b) for illegal reentry into the United States after having been deported following a conviction for an aggravated felony. He asserts two bases for the appeal.

Hinojosa argues for the first time on appeal that the district court's belief during sentencing that the United States Sentencing Guidelines were mandatory, rather than advisory, requires reversal by this court under *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Review is for plain error. *See United States v. Martinez–Lugo*, 411 F.3d 597, 600 (5th Cir.2005), *cert. denied*, —— U.S. ——, 126 S.Ct. 464, —— L.Ed.2d —— (2005) (No. 05–6242). Hinojosa's sentence, imposed pursuant to mandatory guidelines, constitutes error. *See id.* Hinojosa asserts that the error is structural, or at least presumptively prejudicial, such that he is not required to show prejudice. As he acknowledges, this argument is foreclosed. *See id.* at 601. He admits that he cannot show that his sentence likely would have been different under an advisory application of the Guidelines. *See United States v. Mares*, 402 F.3d 511, 521–22 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 43, —— L.Ed.2d —— (2005).

Hinojosa also asserts for the first time on appeal that the "felony" and "aggravat-

---

**310**

ed felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. The Supreme Court's decision in *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), controls this issue. We must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). Thus, this issue is also foreclosed.

The district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under